PETER S. DICKINSON (SBN 139495)
pdickinson@bushgottlieb.com
VANESSA C. WRIGHT (SBN 328674)
vwright@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone:  (818) 973-3200
Facsimile:  (818) 973-3201

Attorneys for Plaintiffs, Directors of the
Motion Picture Industry Pension and
Health Plans.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION AND HEALTH PLANS,<br><br>Plaintiffs,<br><br>vs.<br><br>BIG STONE GAP PRODUCTIONS, LLC, a California limited liability company, and MEDIA SOCIETY, INC., a California and Delaware corporation,<br><br>Defendants. | **CASE NO.  2:20-CV-1602**<br><br>**COMPLAINT TO RECOVER UNPAID CONTRIBUTIONS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AND FOR BREACH OF COLLECTIVE BARGAINING AGREEMENTS AND (3) FOR BREACH OF SETTLEMENT AGREEMENT** |

Plaintiffs Directors of the Motion Picture Industry Pension and Health Plans
(the "Directors") complain and allege:

### JURISDICTION AND VENUE

1.      This is an action by the Directors for breach of collective bargaining
agreements ("CBAs") between an employer and multiple labor organizations
representing employees in an industry affecting commerce and to enforce section
515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as
amended, 29 U.S.C. § 1145.  This Court has jurisdiction over the subject matter of

1   this action pursuant to 28 U.S.C. § 1331, ERISA § 502, 29 U.S.C. § 1132(a)(3) and

2   (e)(1), and section 301 of the Labor-Management Relations Act ("LMRA"), 29

3   U.S.C. § 185(a).

4        2.    Venue is based on the location of the office in which the Motion

5   Picture Industry Pension and Health Plans (the "Plans") are administered, which is

6   in the Central District of California.  As such, venue is appropriate pursuant to

7   ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

8                      **PARTIES**

9        3.    The Directors administer the Plans, which are "employee benefit plans"

10   within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), in that the Plans were

11   created pursuant to written declarations of trust ("Trust Agreements" and, together

12   with the CBAs, the "Signatory Documents") between labor unions and motion

13   picture, television and advertising producer employers.  The Plans are maintained

14   for the purpose of providing their participants and beneficiaries with retirement

15   benefits as well as medical, surgical and hospital benefits in the event of sickness,

16   accident, disability or death.  The Plans were created and now exist pursuant to

17   LMRA § 302(c), 29 U.S.C. § 186(c).

18        4.    The Plans are "multiemployer plans" within the meaning of ERISA

19   § 3(37)(A), 29 U.S.C. § 1002(37)(A), in that more than one employer is required to

20   contribute to the Plans and the Plans are maintained pursuant to CBAs between

21   labor unions and motion picture and television producers.

22        5.    Pursuant to the Trust Agreements, the Directors have the authority to

23   request and review employer records to conduct audits to confirm employers'

24   compliance with contribution obligations under the applicable terms of CBAs and

25   Trust Agreements, and to file actions to enforce all rights against employers under

26   applicable CBAs and ERISA to protect trust assets.

27        6.    At all times relevant herein, Defendant Big Stone Gap Productions,

28   LLC ("Big Stone Gap") has been a California limited liability company.  Big Stone

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Gap is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and LMRA § 501(3), 29 U.S.C. § 142(3).  As such, Big Stone Gap is an employer as that term is used in LMRA § 301(a), 29 U.S.C. § 185(a).

7.     At all times material herein, Big Stone Gap has been a motion picture producer employer who was signatory to, and agreed to be bound by, the terms and conditions of the following union CBAs, each of which contain substantially similar provisions naming the Plans as intended beneficiaries for required benefit contribution payments:  Local 600 Low and Very Low Budget Theatrical Area Standards Agreement, Single Production Trust Acceptance, Single Production Agreement of Consent, IATSE Independent Memorandum of Agreement, Locals 487, 161 and 798 Eastern Region Low and Very Low Budget Theatrical Area Standards Agreement.  A true and correct copy of the relevant sections of the agreements executed by Big Stone Gap binding it to the terms of the CBAs and Trust Agreements are attached here as Exhibit A.

8.     At all times relevant herein, Defendant Media Society, Inc ("Media Society") has been a California and Delaware corporation.  Media Society is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and LMRA § 501(3), 29 U.S.C. § 142(3).  As such, Media Society is an employer as that term is used in LMRA § 301(a), 29 U.S.C. § 185(a).  Furthermore, the Directors allege that Media Society assumed all assets and liabilities for Big Stone Gap.

## FACTUAL ALLEGATIONS

**BIG STONE GAP'S OBLIGATION TO CONTRIBUTE TO THE PLANS**

9.     Big Stone Gap produced the motion picture, entitled "Big Stone Gap" ("the Film") pursuant to the CBAs.  Further, Big Stone Gap produced the Film as a signatory to the terms and conditions of the Trust Agreement creating the Plans.

10.     Pursuant to the signatory documents, Big Stone Gap is obligated to make certain monetary contributions to the Plans on behalf of its employees who perform services covered by the CBAs.

11.     Pursuant to the terms of the Trust Agreements, the Plans have the authority to conduct audits of the books and records of signatory employers for the purpose of determining the accuracy of contributions made to the Plans.  The Trust Agreements provide that if such an audit discloses a delinquency or underpayment, the cost of the audit shall be borne by the signatory who is found to be delinquent, and that if litigation is required to compel such an audit, the costs of such litigation are to be borne by the signatory as well.

12.     On or about January 27, 2015, the Directors announced a payroll compliance audit of Big Stone Gap ("Audit") for the period September 1, 2013, to December 27, 2014 (the "Audit Period"), pursuant to the Plans' Trust Agreements. On October 2, 2018 the Plans issued an audit report ("Report").  The Report found that $8,835.68 in unpaid contributions was due for work performed by various individuals covered by the CBAs.  The Report further found that $4,205.53 in interest, $4,205.53 in liquidated damages and $3,075.00 in audit costs were due, for a total amount owing (as of October 2, 2018) of $20,321.74.  Attached as Exhibit B is a true and correct copy of the letter sent to Big Stone Gap detailing the Audit findings.  On December 1, 2017, the Directors sent the Audit Report Big Stone Gap and made a demand for the full amount of the Claim.

13.     As a result of communication between the Directors, Hamner, and the payroll company, Hamner discussed a settlement agreement regarding the outstanding Big Stone Gap claim with the Directors on October 2, 2018.  On October 9, 2018, the Directors accepted Hamner's offer for Media Society to pay $14,578.71 as satisfaction for Big Stone Gap's debt due before the close of business on October 23,. 2018, and sent a copy of the settlement agreement to Hamner's Media Society mailing address.  On November 6, 15, 19, and December 3, 2018, the Directors sent Media Society notice that it breached the settlement agreement, and Media Society failed to cure.  As a result, on December 12, 2018, the Directors referred the instant matter to outside counsel for collection.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**BIG STONE GAP AND MEDIA SOCIETY ARE ALTER EGOS**

14.     Big Stone Gap was formed by members, officers, and shareholders of Media Society for the purpose of producing the Film.  The Directors are informed and believe, and on that basis allege, that Big Stone Gap is an alter ego of Media Society based upon the following factors: (i) Media Society has failed to respect the separate identity of Big Stone Gap by failing to observe strict corporate formalities, siphoning funds from Big Stone Gap, and treating corporate assets as its own; (ii) Media Society demonstrated fraudulent intent with respect to Big Stone Gap either at the time of its formation, by, among other things, failing to adequately capitalize Big Stone Gap, or, subsequent to its formation, by abusing its corporate form; (iii) the purposes of ERISA will be frustrated if the fiction of the separateness between Big Stone Gap and Media Society is not recognized and perpetuated; and (iv) recognition of Big Stone Gap and Media Society as separate entities would result in substantial injustice to the Plans because, without employer contributions, the Plans will be inadequately funded and will be unable to meet their obligations to the Plans' participants and beneficiaries.

15.     The Directors are informed and believe, and on that bases allege, that at all material times Media Society has been and is the alter ego of Big Stone Gap such that Media Society is bound to the Signatory Documents.

16.     The Directors are informed and believe, and on that basis allege, that the members, officers, and shareholders of Media Society and Big Stone Gap substantially overlap and these common members, officers, and shareholders commingled their assets and property.

17.     Based on information and belief, Media Society, through its member, Wade Bradley, control, own, and operate Big Stone Gap as evidenced by use of a shared addresses,1416 N. La Brea Ave. Los Angeles, 90028-7506, shared registered agent, Wade Bradley, and the use of a "Media Society" email address to conduct official business on behalf of Big Stone Gap (including the execution of a settlement

Bush Gottlieb
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Complaint

1   agreement to resolve Big Stone Gap's debt to the Plans).

2       18.     On information and belief, the Directors allege that Media Society

3   failed to demonstrate respect for the separate identity of Big Stone Gap by failing to

4   observe strict corporate formalities; Media Society demonstrated fraudulent intent at

5   the time of its formation by failing to adequately capitalize Big Stone Gap and,

6   subsequent to production of the Film, because Media Society, and its members,

7   officers, and shareholders in common with Big Stone Gap were in a position to

8   control whether Big Stone Gap would be able to pay due and owing contributions,

9   and failed to ensure that Big Stone Gap would have the necessary funds to make

10  contributions to the Plans.

## FIRST CAUSE OF ACTION

### (Breach of Collective Bargaining Agreement)

13      19.     The Directors hereby incorporate Paragraphs 1 through 18 by reference

14  and re-allege those allegations as though fully set forth herein.

15      20.     At all relevant times, Big Stone Gap had agreed to accept and be bound

16  by the terms and conditions of applicable Signatory Documents.  Pursuant to the

17  Signatory Documents, Big Stone Gap is obligated to make certain contributions to

18  the Plans based on hours worked by employees covered by the CBAs.  The

19  Signatory Documents further obligate Big Stone Gap to cooperate with Plan audits,

20  in part by providing relevant information, records and documents to the Directors

21  for review, upon request.

22      21.     The terms of the Trust Agreements authorize the Directors to audit the

23  records of signatory employers, including Big Stone Gap, for the purpose of

24  determining the accuracy of contributions made to the Plans including, but not

25  limited to, payroll books and ledgers and any other books or records, which the

26  Directors deem necessary to the proper administration of the Plans.

27      22.     Pursuant to the Signatory Documents, Big Stone Gap agreed that in the

28  event it failed to pay contributions when due, it would be considered delinquent and

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1   would pay liquidated damages on any and all delinquent contributions.  The

2   Directors are informed and believe, and on that basis allege, that liquidated damages

3   are due by Big Stone Gap.

4        23.    Pursuant to the Signatory Documents, Big Stone Gap further agreed

5   that in the event of any delinquency, it would pay legal and audit costs in connection

6   therewith, whether before or after litigation is commenced.  Pursuant to the

7   Signatory Documents and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), the

8   Directors are entitled to their reasonable attorneys' fees and audit fees.  These

9   amounts will be established by proof at trial.

10        24.    Pursuant to ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), and as

11   set forth in the Signatory Documents, Big Stone Gap owes the Plans interest, at 12%

12   per annum, on all unpaid contributions from the dates the sums were originally due

13   to the Plans to the date of judgment.  The amount of said interest will be established

14   by proof at trial.

15        25.    Based on the express terms of the Signatory Documents, the Directors

16   reposed trust and confidence in Big Stone Gap and relied on it to accurately report

17   and pay the correct amount of contributions to the Plans.  Big Stone Gap's breach of

18   the Signatory Documents, and breach of the trust and confidence the Directors

19   reposed in it, among other things, serves to toll any statute of limitations, if

20   applicable.

**SECOND CAUSE OF ACTION**

**(Damages from Violation of ERISA)**

23        26.    The Directors incorporate by reference and re-allege each and every

24   allegation contained within paragraphs 1 through 25 above as though fully set forth

25   herein.

26        27.    Pursuant to ERISA sections 502 and 515, 29 U.S.C. §§ 1132, 1145, the

27   Directors are entitled to all unpaid contributions; interest thereon; an additional

28   amount equivalent to statutory interest or liquidated damages at 20 percent of the

Bush Gottlieb
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  unpaid contributions, whichever is greater; reasonable attorneys' fees; costs of this

2  action; and such other legal and equitable relief as the Court deems appropriate.

3      28.    Big Stone Gap's failure to pay all amounts owed was willful, wanton,

4  and malicious and was intended to cause injury and has caused injury to the Plans.

5  The Directors are therefore entitled to an award of damages as other legal and

6  equitable relief, pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

7  ### THIRD CAUSE OF ACTION

8  ### (Against Big Stone Gap and Media Society as Alter Egos)

9      29.    The Directors incorporate by reference each allegation contained in

10  Paragraphs 1 through 28 as though fully set forth herein.

11      30.    The Directors are informed and believe and on that basis allege that

12  there is an interrelationship of operations, management, and ownership between Big

13  Stone Gap and Media Society and use of a shared addresses: 1314 N. La Brea

14  Avenue Los Angeles, Ca 90028.

15      31.    The Directors are informed and believe and on that basis allege that at

16  all material times the common members, managers, and owners have commingled

17  their assets and property secured by all rights, title, and interests of any kind in

18  connection with the Film.

19      32.    At all times material, Big Stone Gap and Media Society, as alter ego

20  entities, have been bound by the Signatory Documents, jointly and severally

21  obligating Big Stone Gap and Media Society to pay contributions to the Plans on

22  behalf of covered employees performing services in connection with production of

23  the Film, plus interest, liquidated damages, audit costs, legal and attorney's fees as

24  set forth in the signatory documents.

25      33.    Media Society is bound to the Signatory Documents to the same extent

26  as Big Stone Gap; both Media Society and Big Stone Gap are obligated to interest,

27  liquidated damages, audit costs, legal and attorneys' fees as set forth in the

28  Signatory Documents; and both have failed and refused to pay such contributions,

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

thereby breaching the terms and conditions of the signatory documents.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

34.     The Directors incorporate by reference each allegation contained in Paragraphs 1 through 33 as though fully set forth herein.

35.     On October 9, 2018 the Plans and Big Stone Gap entered into a settlement agreement (the "Settlement Agreement") under which Media Society would pay $14,578.71 (the "Settlement Sum") no later than October 23, 2018 in satisfaction of the amounts owing on account of the violations described above. Attached here as Exhibit C is a true and correct copy of the Plans' memorialization of those settlement terms.

36.     Media Society has breached the Settlement Agreement by failing to pay any portion of the Settlement Sum.

37.     On February 25, 2019, September 13, 2019, and February 3, 2020, the Directors, through counsel, sent demand letters to Big Stone Gap, Media Society and several of its executives and members explaining that Media Society was in breach of the Settlement Agreement and demanding prompt payment of the Settlement Sum.  To date, neither Media Society, Big Stone Gap nor its executives or members have responded.

38.     The Directors have a fiduciary responsibility to pursue recovery of these monies from Big Stone Gap.  Under the Trust Agreements, the Directors are empowered to take or cause to be taken any action deemed by them advisable or necessary to recover delinquent contributions, including actions in law and equity.

/ / /

/ / /

/ / /

/ / /

/ / /

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Bush Gottlieb
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## PRAYER FOR RELIEF

**WHEREFORE** the Directors pray for judgment against Defendants Big Stone Gap Productions, LLC, a California limited liability company, and Media Society, a California and Delaware corporation jointly and severally as follows:

(1)    for unpaid pension and health contributions due to the Directors in an amount in excess of $8,835.68, plus additional amounts as proved at trial;

(2)    for liquidated damages as proved at trial;

(3)    for audit costs as provided for by the Signatory Documents;

(4)    for reasonable attorney's fees and costs of this action, including the costs of enforcing the Settlement Agreement, in an amount to be proven at trial;

(5)    for interest; and

(6)    for such additional relief as this Court deems just and proper.

DATED:  February 19, 2020          PETER S. DICKINSON
                                   VANESSA C. WRIGHT
                                   BUSH GOTTLIEB, A Law Corporation


                                   By: _____
                                      VANESSA C. WRIGHT
                                   Attorneys for Directors of the Motion Picture
                                   Industry Pension and Health Plans